### SLOANE et al. v. POWELL et al.
#### Civil Action No. 6962.

District Court, E. D. New York.

Feb. 7, 1947.

O'Neill, Higgins & Latto, of New York City (John V. Higgins, of New York City, of counsel), for plaintiffs.

Willkie, Owen, Otis, Farr & Gallagher, of New York City (Mark F. Hughes, William E. Bennett, Jr., and Joseph Moskovitz, all of New York City, of counsel), for defendants.

BYERS, District Judge.

Decision was reserved on defendants' motion for a directed verdict at the close of the entire case; the jury disagreed upon the question separately submitted to them, of whether the plaintiff Thomas Sloane was guilty of contributory negligence. Until that issue could be determined, the jury could not be expected to pass upon the other issues, such as defendants' negligence, and damages. The motion is now pressed for disposition.

The fact that the jury could not agree upon the fundamental element of the plaintiffs' case (with the exception of the death action aspect of the administratrix's cause) does not impose upon the court the duty of deciding that question; nor would the court be justified in so doing merely because of one disagreement. Whether the

plaintiff can convince another jury that, in spite of his admitted failure to look to the left as he approached this crossing, he should not be deemed culpable, need not be discussed; for him it is argued that the pillars in front of the station shown on Exhibit 5 would have obscured his vision anyway, although I do not understand that he testified that this is the reason why he did not look to the south. In other words, it is not a matter of plaintiffs' chances of success at a new trial that ought to govern the decision of this motion, but whether, upon Thomas Sloane's own testimony, his contributory negligence is established as a matter of law; there is much force in defendants' argument that his testimony is susceptible of only that construction, but for reasons that I endeavored to state in the charge, it seems to me that on the present record, and explicitly confining the ruling thereto, an issue of fact is presented for consideration by a jury, and that the disagreement does not change the essential character of that issue.

Defendants' motion for a directed verdict is denied. Settle order.